Kneeland *et al.* *vs.* The State.

KNEELAND *et al. vs.* THE STATE OF GEORGIA.

| 68 | 641 |
| 118 | 561 |

1. The defendant in a criminal case, in which the indictment had been found in the superior court and transferred to the city court of Atlanta for trial, pleaded that three of the grand jurors whose names appeared on the indictment were not qualified to act, their names not being in the jury box nor on the jury list, and that they were not sworn as grand jurors. The court heard testimony on the plea, and overruled it. Defendant moved for a new trial; the court refused to entertain the motion; defendant tendered a bill of exceptions, which the court refused to certify; defendant then filed a second plea reciting all of the above facts, and praying a stay of the case till the bill of exceptions should be disposed of. On demurrer, the court struck the plea. The trial proceeded and defendant was convicted; he excepted, and assigned error in striking the plea:

*Held*, that the entire proceedings in the court below are before this court for review.

2. While parol evidence may be admissible to correct a mistake in entering the names of grand jurors on the minutes of the court in which an indictment was found, yet where the indictment was found in the superior court and transmitted to a city court for trial, parol evidence of such a mistake would not be admissible in

the latter court under a plea in abatement. The proper course would be to examine the minutes of the superior court, and if it appears therefrom that the indictment has not been found by grand jurors whose names appear thereon, then to suspend the hearing of the case until the minutes of the superior court in which the indictment was found shall be corrected, if it can be lawfully done, and if not, the indictment should be quashed by the court in which it was found.

Practice in the Supreme Court. Indictment. Criminal law. Jurors. Practice in the Superior Court. Before Judge CLARK. City Court of Atlanta. June Term, 1879.

To the report contained in the decision it is only necessary to add the following: Counsel for the state insisted that the overruling of the first plea was purely a law point for the decision of the court, and was not a final adjudication; that hence a motion for new trial was not the proper remedy, and the court was right in refusing to entertain it or to sign a bill of exceptions based thereon; that his refusal was no ground for a new plea in abatement, and that the bill of exceptions at the conclusion of the case could not bring up all these rulings.

HOPKINS & GLENN, for plaintiffs in error.

HOWARD VAN EPPS, solicitor of city court, for the state.

WARNER, Chief Justice.

The defendants were indicted for the offence of misdemeanor and charged with keeping and employing a "faro table," and presiding and dealing at the same for the purpose of playing and betting for money, or other thing of value. The defendants filed a special plea (which was sworn to) that three of the grand jurors who found the bill of indictment against them, were not legally qualified to act as grand jurors, their names not being in the grand jury box of said county of Fulton, nor on the list of grand and petit jurors prepared in accordance with the stat-

ute; that Wm. P. Innman, Wm. M. Mims, and Nathan Lyon, were not sworn to act as grand jurors, and acted without taking any oath as required by law, and prayed that the indictment be quashed.

The court alone tried the issue upon the plea (no jury being demanded), and after hearing the evidence overruled it. The defendants then made a motion for a new trial as to the finding of the court upon that issue, and the court overruled it, and defendants tendered their bill of exceptions, which the court refused to certify and sign. Whereupon the defendants filed their second plea alleging therein all of the foregoing facts, and prayed that the further prosecution of the case might be stayed until said bill of exceptions was disposed of. The counsel for the state demurred to this plea of the defendants, which the court sustained, and dismissed it. The defendants were then arraigned and stood mute. The court ordered the plea of not guilty to be entered and proceeded to hear the evidence (no jury being demanded), and found the defendants guilty, and sentenced them to pay a fine—Kneeland $300.00 and Bronck $200.00. Whereupon the defendants excepted.

1. The bill of indictment in this case was found in the superior court and was transferred in pursuance of the statute to the city court for trial. The defendants' second plea, the demurrer thereto, and the judgment of the court thereon, and the subsequent proceedings of the court on the trial, as appears from the record and bill of exceptions, makes such a case before this court as to enable it to review the entire proceedings had in the court below.

2. The indictment was found by Wm. P. Inman, Nathan Lyon, Wm. M. Mims, and others, as appears on the face thereof. The state offered in evidence the minutes of the superior court of Fulton county, from which it appeared that W. P. Inman, W. M. Mims, and Nathan Lee, were sworn as grand jurors for the week in which the indictment was found, and that the names of Wm. P. Inman, Nathan Lyons and Wm. M. Mims did not appear on the

minutes of the court as having been sworn as grand jurors during that week when the indictment was found. The court allowed Walker P. Inman to be introduced as a witness, over defendants' objection, who testified, amongst other things, that he was one of the grand jurors who found the indictment against the defendants, and that he did not know of any Wm. P. Inman, and that it was not probable there was any W. P. Inman other than himself, or he would have known it. Can the city court hear parol evidence to alter, explain, or correct the minutes of the superior court as to who were the grand jurors sworn at any particular term of that court? We think not, and that the legal and proper course to be pursued when a plea is filed like the one set forth in the record, is to examine the minutes of the superior court, and if it appears therefrom that the indictment has not been found by grand jurors whose names appear thereon, then to suspend the hearing of the case until the minutes of the superior court in which the indictment was found shall be corrected, if the same can be lawfully done, and if not, that the indictment be quashed by the court in which it was found. We do not decide that parol evidence would not be admissible to correct a mistake, or error, in entering the name of a grand juror on the minutes of the court in which the indictment is found, but it is not competent to do so in another court. In our judgment the court erred in sustaining the demurrer to defendants' second plea, and in admitting parol evidence to explain and correct the minutes of Fulton superior court as to the names of the grand jurors appearing thereon.

Let the judgment of the court below be reversed.