MAYES v. THE STATE.

LUMPKIN, P. J.　1. Allowing the introduction of illegal evidence offered to
establish particular facts is not cause for a new trial, when such facts are
either admitted by the objecting party or clearly established by uncon-
tradicted legal testimony.
2. Even if evidence offered to discredit a witness for the accused in a criminal
trial was not competent, and therefore inadmissible, neither admitting it
nor giving in reference to it a charge appropriate to evidence legally admit-
ted for such a purpose should be treated as cause for a new trial, when,
even upon the assumption that the testimony of this witness was true,
it was such as could have had no material bearing upon the issues in-
volved and would have been of no real benefit to the accused.
3. When dying declarations are admitted in evidence without objection,
and the court gives to the jury proper instructions relating thereto, it will
be presumed that the foundation for their introduction was properly laid.
4. The newly discovered evidence set forth in the motion for a new trial
was in many respects cumulative, and besides could, by the exercise of
the slightest diligence, have been obtained before the trial.
5. The foregoing notes cover the material questions presented by the record
in this case, and there was no abuse of discretion in denying a new trial.
　　　　　　　　　　　Judgment affirmed. All the Justices concurring.

　　　　　Argued June 19, — Decided July 19, 1899.

Indictment for murder. Before Judge Reese. Warren superior court. April term, 1899.

*E. P. Davis*, for plaintiff in error.

*J. M. Terrell, attorney-general,* and *R. H. Lewis, solicitor-general,* by *Harrison & Bryan*, contra.