### SOWELL *v.* THE STATE.

1. Under the decision in *Wells* v. *State,* 118 *Ga.* 556, where one of the grounds of a demurrer to an indictment or presentment was that separate and distinct offenses for which separate and distinct penalties are provided were improperly joined in such indictment or presentment, but the demurrer failed to indicate what such separate and distinct offenses were, such ground was fatally defective and was properly overruled.

2. The second ground of the demurrer, reasonably construed, merely raised the point that under the indictment, which charged the sale of intoxicating liquor, the sale of domestic wine might be proved, that the act of 1904 regulated the granting of licenses for selling wines, and that for this reason the coupling of intoxicating liquors with spirituous liquors in the indictment was improper. So construed, it was not error to overrule this ground of the demurrer, whether or not the indictment was subject to a demurrer properly raising the objection of the misjoinder of separate and distinct offenses for which there are separate and distinct punishments.

3. The evidence sustained the charge of selling intoxicating liquors without a license; a local act exists in reference to Screven county on which this part of the indictment could be based; and the demurrer actually made having been properly overruled, the conviction of the defendant. was not illegal.

Submitted June 18,—Decided July 28, 1906.

Indictment for unlawful sale of liquor. Before Judge Over-street. City court of Sylvania. April 7, 1906.

A special presentment was returned by the grand jury of Screven. county against Lovett Sowell, the material portions of this presentment being as follows: that the defendant, "without a license and without taking the oath prescribed by law, and without license from the proper authorities of said county, and without license from the corporate authorities of any town or city where by law the authority to grant license is vested in such corporate authorities, did sell, for a valuable consideration, a certain quantity brandy, rum,. gin, whisky, and spirituous, malt, and intoxicating liquors, and mixture of spirituous, malt, and intoxicating liquors, and did sell by retail for a valuable consideration a certain quantity of wine." The defendant demurred to this presentment on two grounds: (1) Because it charges the defendant with two separate and distinct offenses, for which there are separate and distinct punishments, and which are committed in separate and distinct ways, in one and the same count. (2) Because "the first offense charged against this. defendant in said indictment charges this defendant with the unlawful sale of spirituous liquors, and mixtures of spirituous liquors, and in one and the same count therewith charges this defendant with the unlawful sale of intoxicating liquors, under which said last-mentioned charge the State would be authorized to prove the unlawful sale of domestic wine in quantities not less than a quart,. even though this defendant were the manufacturer thereof from grapes, the product of his own vineyard in this State; there being at the time of the finding of this indictment, of force in this county," the act approved August 13, 1904, regulating the sale of domestic wines (Acts 1904, p. 98); for the sale of which the commissioners of roads and revenues of Screven county had provided a license of twenty-five dollars. His demurrer was overruled, and he excepted pendente lite. Upon the trial of the case he was found guilty, and filed his motion for a new trial, which being overruled, he filed his

bill of exceptions complaining of the overruling of both his demurrer and motion for a new trial.

*Lovett Sowell,* for plaintiff in error.

*H. A. Boykin, solicitor,* contra.

LUMPKIN, J.　1. Under the decision in *Wells* v. *State,* 118 *Ga.* 556, the first ground of the demurrer was fatally defective.　In that decision it was said (page 558) : "One of the grounds of the demurrer was that 'separate and distinct' offenses, for which 'separate and distinct penalties are provided,' are improperly joined in the indictment; but the demurrer fails to even indicate what these 'separate and distinct' offenses are; and for this reason, if for no other, the ground was fatally defective."　The first ground of the demurrer was therefore properly overruled.

2. It is not quite easy to understand clearly the point which is intended to be made by the second ground of the demurrer.　If it were intended to make the point merely that the joinder of a charge of an unlawful sale of spirituous liquors, and mixtures of spirituous liquors, together with a charge of an unlawful sale of intoxicating liquors, was improper generally, the larger part of the ground would be meaningless.　Construing it altogether, we think it fairly intends to raise the point that since the passage of the act of 1904 (Acts 1904, p. 98), regulating the sale of domestic wines, a violation thereof might be shown under a charge of selling intoxicating liquors without a license, and that for that reason this presentment coupled a charge under which the sale of domestic wine might be unlawful along with a charge of selling spirituous liquors.　No question was raised as to the inclusion of malt liquors with others in the presentment.　A part of the demurrer is plainly bad as being a "speaking" demurrer, in alleging that the commissioners of roads and revenues of Screven county had provided a license of twenty-five dollars for selling domestic wines.　Construing this ground as above indicated, it was properly overruled.　Formerly the law did not require a license for the sale of domestic wine.　See, on the subject, Acts 1877, p. 33; Acts 1887, p. 21; Acts 1890-91, p. 130; Penal Code, §§449, 450.　It was held, that under a charge of the sale of wine and spirituous liquors it was not necessary to negative the fact that the wine was domestic, but it was matter of defense to show that the wine was of a character which required no license.　*Kemp* v. *State,* 120 *Ga.* 157 (4), and cases cited on page

159. Since the passage of the act of 1904, the State might base an indictment upon such special act, alleging that the wine sold was domestic wine, that the local authorities had made provision for the granting of a license, and that the defendant had failed to obtain one. But the State was not compelled to do this. Under the general law (where selling wine without a license was prohibited) it might still accuse the defendant of selling wine without a license, leaving him, if he so desired, by way of defense to show that the wine was domestic wine and was sold where no license was required, or, if one was required, after obtaining it. Compare Penal Code, §450. Thus the point made, that under the presentment it was possible to prove a sale of domestic wine, was without merit, and was properly overruled. We do not mean to say that this indictment was not subject to a proper demurrer on the ground of the misjoinder of different offenses in one count, but the presiding judge did not err in overruling the demurrer which was actually made.

3. The demurrer having been correctly overruled, the case stands as if there had never been any demurrer. In this light it is immaterial whether the presentment contained in one count distinct and different offenses or not. If it did so, and charged each of them sufficiently, upon proper proof the accused might be convicted of either. There was no application to require an election, even if there would have been any merit in such motion; nor was there any objection to evidence. The accused thus went to trial subject to the chance of being shown guilty of any one of the offenses sufficiently charged in the presentment. Under the Penal Code, §431, with proper evidence he might have been convicted of the offense therein described. Under the local law touching Screven county (Acts 1874, p. 403; Acts 1880-1, p. 593) the method of granting a license to sell spirituous or intoxicating liquors in Screven county was regulated, and in the latter act it was declared to be a misdemeanor to sell without such a license. It is suggested or intimated in the briefs that perhaps this act was unconstitutional; but no such point appears to have been made in the trial court, nor is it distinctly shown here why it is unconstitutional. There was sufficient evidence to show the sale of intoxicating liquors without a license, and the verdict was therefore supported by the evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*