### 7320. GATLIN *v.* THE STATE.

BROYLES, J. 1. The assignment of error upon the judgment of the court striking the challenge to the array of the jurors summoned and impanelled in the case, not being referred to in the brief of counsel for the plaintiff in error, is deemed to have been abandoned.

2. The code of this State provides that in construing statutory enactments the ordinary signification shall be given to all words, except words of art, or words connected with a particular trade or subject-matter, which shall be given the meaning attached to them by experts in such trade, or with reference to such subject-matter. Civil Code, § 4; Penal Code, § 1.

3. In construing section 119 of the Penal Code, as to letters threatening to maim, wound, etc., the word "wound" should not be given a strained or technical signification, but its plain, obvious, and common-sense meaning should be attached to it. Under such a construction a "wound" does not necessarily import a breaking of the skin, but includes injuries of every kind which affect the body, whether they are cuts, lacerations, fractures, or bruises. 4 Words & Phrases (2d Series), 1347; 3 Bouvier's Law Dict. (Rawle's 3d Rev.), 3496; State *v.* Owen, 1 Murphy, 452 (4 Am. Dec. 571); State *v.* Hammerli, 60 Kan. 860 (58 Pac. 559); 2 Beck's Med. Jur. 106.

4. One who knowingly sends or delivers to another, a letter threatening to wound him is guilty of violating section 119 of the Penal Code, although the writer says in the letter that he will cause a named third person to do the wounding.

(*a*) It is immaterial whether as a matter of fact the writer of the letter had any control over the named third person, or could have carried out the written threat.

5. One who knowingly sends to a married woman a letter threatening to make her husband give her a "good buggy-whipping" is guilty of threatening to "wound" her, within the meaning of section 119 of the Penal Code.

6. The ground of the demurrer which averred that the indictment was duplicitous for the reason that two separate and distinct offenses were improperly joined therein, but which failed to indicate what were the offenses, was fatally defective, and was properly overruled. *Wells* v. *State,* 118 *Ga.* 556 (3), 558 (45 S. E. 443); *Sowell* v. *State,* 126 *Ga.* 105 (54 S. E. 916).

7. The State's counsel having abandoned the second count in the indictment, and the court having charged only as to the first count, the in-

dictment will be treated as having only one count, and consequently the demurrers to the second count will not be considered. This is true although the State's counsel did not abandon the second count until after all of the evidence had been introduced. If, under the facts of this case, and under the rule laid down in *Gibson* v. *State*, 79 *Ga.* 344 (5 S. E. 76), it was error for the court to overrule the demurrers to the second count in the indictment before that count had been abandoned by State's counsel, nevertheless, as the count was subsequently so abandoned and was not charged upon by the court, a new trial will not be required.

8. There is no merit in any of the other grounds of the demurrer to the indictment, and the court did not err in overruling all of its grounds, both general and special.

9. If the admission of other letters alleged to have been written by the defendant, for the purpose of proving her handwriting, was erroneous, for the reason that the proper foundation for their admission had not been laid by the State, the error was harmless, for the defendant admitted having written the alleged threatening letter, and there was no issue upon this point.

10. There was no material error in the charge of the court, either of omission or of commission.

11. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., absent.*

DECIDED APRIL 17, 1916. REHEARING DENIED JUNE 21, 1916.

Indictment for sending threatening letter; from Decatur superior court—Judge Cox. February 19, 1916.

*Will H. Krause, W. W. Wright,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper, M. E. O'Neal, T. S. Hawes, C. W. Wimberly Jr.,* contra.