## 11756.  BOATWRIGHT v. THE STATE.

Misjoinder of offenses in an indictment is a defect of which the defendant can take advantage only by a demurrer specifically pointing out the defect.

The demurrer was too indefinite for consideration where an indictment charging "the offense of felony, for that" the accused "did distill, manufacture, and make, and did unlawfully have, possess, and control, alcoholic" and other liquors designated in the prohibition law, was demurred to on the ground that "a felony and a misdemeanor" were charged in the same count, the demurrer failing to state the specific felony and the specific misdemeanor charged in the indictment.

DECIDED DECEMBER 16, 1920.

Indictment for manufacture of liquor, etc.; from Colquitt superior court — Judge Thomas.   July 29, 1920.

The indictment charged Boatwright with "the offense of felony, for that the said accused, on the 20th day of June in the year 1920, . . did distill, manufacture, and make, and did unlaw-

fully have, possess, and control, alcoholic, spirituous, vinous, malted, and mixed liquors and other beverages, a part of which was alcoholic, contrary to the laws, " etc.

*Hoyt H. Whelchel, Dowling & Askew,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J. The demurrer in this case alleged that the indictment contained but one count, that in that count the accused was charged with committing a felony and a misdemeanor, and that " a felony and a misdemeanor cannot be charged in the same count in an indictment. " " Demurrer, being a critic, should itself be free from imperfection. " This demurrer did not point out what specific felony and what specific misdemeanor was charged in the indictment; did not " put its finger on the exact point of weakness. " In *Field* v. *State, 126 Ga.* 571 (1), (55 S. E. 502), it was held: " A demurrer to an indictment on the ground that it charges the accused with two distinct offenses of an entirely different nature in one and the same count is too indefinite to be considered, unless the demurrer discloses to what offenses of a dissimilar nature reference is intended to be made. " In *Wells* v. *State,* 118 *Ga.* 556 (45 S. E. 443), it was held: " A demurrer to an indictment, which alleges that separate and distinct offenses, for which separate and distinct penalties are provided, are improperly joined therein, without indicating what such separate and distinct offenses are, presents no question for determination by the court." See also *Gatlin* v. *State,* 18 *Ga. App.* 9 (6) (89 S. E. 345) ; *Sowell* v. *State,* 126 *Ga.* 105 (1) (54 S. E. 196).

Under these rulings the demurrer in this case was fatally defective, and was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*