### 24012. DANCE v. SMITH.

UNDERCOFLER, Justice. Joseph Ernest Dance, Jr. appeals from an order adjudging him in contempt for failure to comply with a decree requiring payments to his former wife for the support of their minor child. The record shows the parties obtained a divorce in 1958 and under an agreement which was incorporated in the court's decree the wife received custody of one child and was awarded child support payments of $90 per month. The appellant received custody of the parties' two other children. It was further decreed that, if the children whose custody was given to the father later elected to live with their mother, he should pay an additional $65 per week to her for their support. In January 1964 the children elected to live with their mother. In April 1964 she petitioned the court to cite the appellant for contempt for failure to make support payments. Appellant in response to the contempt proceeding prayed that the support judgment for the three children be reduced. The court on September 21, 1964, reduced the support payments to $150 per month so long as any one of the three children remaining in the mother's custody had not married, become self-supporting or reached the age of 21 years.

Two of the children have since married. All the above pleadings, including a number of subsequent rules for contempt and amendments thereto are docketed under the same case number as the original divorce action. To the last rule for contempt the appellant filed a motion to dismiss on the basis that the order of September 21, 1964, was void for lack of jurisdiction in that it was issued in the original docket number of the divorce action rather than as a separate action under *Code Ann.* § 30-220. This motion was denied.

In his enumeration of errors appellant specifies that the court erred in (1) failing to sustain the motion to dismiss for lack of jurisdiction, (2) failing to require movant to declare and give appellant notice as which order he was in contempt of,

(3) failing to specify in the order of contempt the order with which appellant had refused to comply, and (4) finding appellant in contempt when the evidence shows that he had no income for the previous year. *Held:*

1. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653); and *Turner v. McGee,* 217 Ga. 769, 772 (1) (125 SE2d 36). The appellant in this case procured a judgment favorable to himself and he cannot now complain that the court was without jurisdiction to enter such order. Accordingly Enumeration of error No. 1 is without merit.

2. In our opinion the pleadings and the orders in the instant case were sufficient to put appellant on notice as to which order he was alleged and held to be in contempt of. Therefore Enumerations of error Nos. 2 and 3 are without merit.

3. The evidence was conflicting as to the financial ability of the appellant to comply with the decree of the court, but did not show conclusively as a matter of law that the husband was unable to comply with the judgment awarding child support. Accordingly the judgment holding him in contempt will not be reversed by this court. *Dickens v. Dickens,* 211 Ga. 796 (1) (89 SE2d 161).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 12, 1967—DECIDED APRIL 20, 1967—
REHEARING DENIED MAY 4, 1967.

*Raymond A. Cunningham,* for appellant.
*Harrison, Martin & Childs, Mobley F. Childs,* for appellee.