### 44210. BROWN v. THE STATE.

BELL, Presiding Judge. Northern Brown, Jr., having been convicted of voluntary manslaughter, took this appeal from the denial of his motion for new trial. On a previous trial of the case defendant was convicted of murder. That conviction was reversed by the Supreme Court. See *Brown v. State,* 223 Ga. 76 (153 SE2d 709). The testimony and unsworn statement before us are consistent with the evidence and statement set out in 223 Ga. at pp. 77-79.

1. A verdict finding defendant guilty of murder or acquitting him for justifiable·homicide would have been clearly authorized. *Brown v. State,* 223 Ga. 76, supra, at p. 79. It appears that defendant submitted requests to charge on voluntary manslaughter and mutual combat. The court gave in charge defendant's written requests as well as other instructions on the law of manslaughter. "Where the evidence for the State, if believed, makes a case of murder . . . a verdict of manslaughter, under a charge of the court on manslaughter, given upon the express request of the defendant, is not without evidence to support it and is not contrary to law merely because the superadded ingredient of malice has been shown by the proof. If the evidence authorizes a conviction of murder, but upon his own invitation the defendant is convicted of the lower grade of homicide, . . . although there is nothing in the evidence or in the defendant's statement to warrant the charge on manslaughter, the defendant has no reasonable ground for complaint." *Partee v. State,* 19 Ga. App. 752, 758 (92 SE 306); *Hopkins v. State,* 119 Ga. 569 (46 SE 835); *Thompson v. State,* 20 Ga. App. 176 (1) (92 SE 959).

2. The second ground of enumerated error complains of the court's denial of defendant's motion for a mistrial based on remarks of the prosecuting attorney in his opening statement. The remarks, stating that the prosecuting attorney

expected to prove that several months prior to the homicide the victim had shot defendant while the latter was in the company of the victim's estranged wife, did not charge defendant with misconduct in connection with the prior incident or tend to place his character in issue as contended in the motion. This ground is without merit.

3. In arguing the remaining grounds of the enumeration defendant contends the court erred in commingling in instructions to the jury the law embodied in *Code* §§ 26-1011, 26-1012 and 26-1014. See *Smith v. State,* 203 Ga. 317, 321 (46 SE2d 583); *McKibben v. State,* 88 Ga. App. 466, 472 (77 SE2d 86); *Price v. State,* 114 Ga. App. 580 (152 SE2d 9). These grounds have no merit. The court charged the substance of these Code sections separately, though consecutively, and in connection with the latter, *Code* § 26-1014, took the precaution of explaining to the jury that this section was applicable only in the event the jury should find that defendant and the deceased were engaged in mutual combat. Cf., *Brown v. State,* 223 Ga. 76, 80, supra.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

Submitted January 9, 1969—Decided April 7, 1969.

*H. Dale Thompson,* for appellant.
*W. W. Larsen, Jr., Solicitor General,* for appellee.