### 45537. BROWN v. THE STATE.

EBERHARDT, Judge. 1. There was no error in denial of the challenge to the array on the ground that the jury had a disproportionate representation of Negroes on it. Defendant's evidence in support of the challenge utterly failed to disclose any purposeful, intentional or systematic discrimination by the jury commissioners in the selection of names for placing in the jury box. On the contrary, it appears that there was no such discrimination, and that the names were selected in accordance with the law. "[P]roportionate representation of the races is not necessary to guarantee equal protection of the law to the accused. *Heard v. State,* 210 Ga. 523 (81 SE2d 467); Swain v. Alabama,

380 U. S. 202 [85 SC 824, 13 LE2d 759]; Akins v. Texas, 325 U. S. 398 (65 SC 1276, 89 LE 1692)." *Brookins v. State,* 221 Ga. 181, 187 (144 SE2d 83). And see *Thacker v. State,* 226 Ga. 170, 172 (173 SE2d 186); *Sullivan v. State,* 225 Ga. 301 (168 SE2d 133); *Burns v. State,* 119 Ga. App. 678 (1) (168 SE2d 786).

2. "The judge did not err in excluding for cause veniremen who unmistakably expressed the view that their feelings toward capital punishment were such that they would never vote to impose the death penalty regardless of the facts of the case." *Thacker v. State,* 226 Ga. 170 (5), supra; *Jackson v. State,* 225 Ga. 790 (171 SE2d 501). Furthermore, defendant was convicted of manslaughter and the death penalty was not, and could not be imposed, and he fails to show error. *Curtis v. State,* 224 Ga. 870 (3) (165 SE2d 150).

3. There is exception to the admission of a confession made by the defendant to the police after he surrendered at the jail. It appears that when the defendant turned himself in to a deputy at the sheriff's office the deputy explained to the defendant his rights, as required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 964, 10 ALR3d 974), and started to question him, whereupon the defendant stated that he would prefer not to answer questions without a lawyer. The deputy then stopped questioning and placed defendant in a jail cell. Some three or four hours later, after midnight and a change of shifts at the jail, two detectives came on duty and, learning that the man whom defendant shot had died at the hospital, took him to a conference room and, after informing him fully of his rights, began to question him. He made no request for counsel at that time and the detectives were unaware of his previous request to the deputy sheriff. He made a full confession. On trial of the case the State put one of the detectives on the stand for proving the confession, and defendant objected on the ground that it had not been freely and voluntarily made and that it had been made without the benefit of counsel, though he had previously stated to the deputy that he wanted a lawyer before answering questions. Complying with the requirement of Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), the court heard evidence as to the circumstances

under which the confession was made, including a statement made to the deputy when defendant turned himself in that he had come "to tell about a shooting," and found as a fact that the confession was freely and voluntarily made.

The State contends that when the defendant thus made a free and voluntary confession to the detectives, making no request to them for counsel, it is to be assumed that he had changed his mind and that there was a waiver by him of the presence or assistance of counsel.

(a) It is settled that an accused who is in custody is entitled to the assistance of counsel before he is questioned. Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LEd2d 977); Miranda v. Arizona, 384 U. S. 436, supra; Ballard v. Smith, 225 Ga. 416 (2) (169 SE2d 329).

(b) An accused may waive his right to counsel, provided he is capable of doing so and it appears that he did so knowingly and intelligently. Broome v. Matthews, 223 Ga. 92 (2) (153 SE2d 721).

(c) There is a presumption against a waiver of constitutional rights by one accused of crime. Brookhart v. Janis, 384 U. S. 1 (86 SC 1245, 16 LE2d 314). Presumption of waiver from a record which is silent on the matter is impermissible. Carnley v. Cochran, 369 U. S. 506, 516 (82 SC 884, 8 LE2d 70); Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). Whether there has been a knowing and intelligent waiver of one's right to counsel must depend, in each case, upon the particular facts and circumstances, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461); United States v. Hayes, 385 F2d 375 (3).

(d) Applying these principles to the situation here we conclude that if there was error in admitting the confession, the record clearly shows that the error was waived. Defendant went to trial under the guidance and with the assistance of able counsel. After the State had concluded its evidence the defendant took the stand and, with the help and guidance of his attorney, made an unsworn statement in which he related the events leading up to and in connection with his shooting of the deceased. His version, as given in the unsworn statement to

the court and jury, was, in all material respects identical to that which he had given to the detectives, and which had been admitted as his confession. It was simply a reaffirmation of it.

Thus, had the confession been excluded, there was before the jury the same account of the matter, directly from the mouth of the defendant. For this reason he cannot be heard to complain of the admission of the confession, though it was introduced over his objection. *Maddox v. State,* 118 Ga. App. 678 (2) (164 SE2d 861). And see *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819); *Smithey v. State,* 219 Ga. 247 (1) (132 SE2d 666). "Allowing the introduction of illegal evidence offered to establish particular facts is not cause for a new trial, when such facts are either admitted by the objecting party or clearly established by uncontradicted legal testimony." *Mayes v. State,* 108 Ga. 787 (1) (33 SE 811). "If the admission of other letters alleged to have been written by the defendant, for the purpose of proving her handwriting, was erroneous, for the reason that the proper foundation for their admission had not been laid by the State, the error was harmless, for the defendant admitted having written the alleged threatening letter." *Gatlin v. State,* 18 Ga. App. 9 (9) (89 SE 345). Accord: *Brannan v. State,* 43 Ga. App. 231, 233 (158 SE 355).

(e) Independently of the confession the evidence amply supports the conviction of voluntary manslaughter.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

Submitted September 10, 1970—Decided September 23, 1970—Rehearing denied October 5, 1970—

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.
*Thomas W. Ridgway, District Attorney,* for appellee.