## 47461. ROWELL v. THE STATE.

BELL, Chief Judge. Defendant was convicted of involuntary manslaughter. The indictment charged that by the commission of the unlawful acts of driving an automobile while under the influence of alcohol and driving to the left of the center of a public highway he collided with another vehicle causing the death of its driver. Amended Code § 26-1103 (a). The district attorney in his opening statement mentioned that the appellant had been requested to take a test to determine the alcoholic content in his system and had refused to take it. The defendant's motion for mistrial as to this statement was overruled. Several of the state's witnesses testified over objection that defendant had refused to submit to tests to determine the alcoholic content in his system. A state witness, Officer Parks, was asked how he determined that defendant was driving one of the vehicles involved in the collision and the witness responded that he "asked" the defendant if he was driving a described vehicle at a described location. Objection was then made that no Miranda warning had been shown to have been given which was overruled. No response to the policemen's

question was ever shown to have been made by the defendant. Sheriff Shipp later testified without objection that accused admitted to him he was driving one of the vehicles and that he consumed "several" beers earlier in the day. After the state rested the defendant made an unsworn statement with assistance of his counsel in which he admitted being the driver of one of the cars involved in the collision and drinking two beers about 2 hours before the collision. His statement also contains the following question of his counsel and defendant's answer: "Now, when the officers wanted to give you a test and you wouldn't take a test, did they have a hearing before the public service . . . before the patrol, State Patrol? A. Yes sir, they did."
*Held:*

1. In *Johnson v. State,* 125 Ga. App. 607 (188 SE2d 416), we reversed a conviction where a witness for the state was permitted to testify over objection that the defendant refused to take an intoximeter test. However, in this case there was a waiver. The above quoted question and answer from the statement of defendant shows an admission by defendant that he had refused to take an alocholic content test. Where illegal evidence is received to prove certain facts and then the objecting party later makes an admission of these same facts in his unsworn statement, there is a waiver of any error. *Brown v. State,* 122 Ga. App. 570 (3d) (177 SE2d 801). Code Ann. § 38-1713 which applies only to evidence has no application here as the defendant's unsworn statement is not evidence. *Park v. State,* 224 Ga. 467, 480 (162 SE2d 359); *Roberson v. State,* 12 Ga. App. 102 (2) (76 SE 752); *Bragg v. State,* 15 Ga. App. 623 (4) (84 SE 82).

2. Error is enumerated to the admission of the incriminating statements made to the police officers. There is no merit in this contention for three reasons. First, as to the Miranda issue, no incriminating

statement was ever shown to have been made by defendant to Officer Parks. All that Parks testified to was that he asked the defendant if he was driving the automobile but no incriminating response to this query was ever brought out by the witness after the overruling of this objection. Secondly, as to the other incriminating statement made to Sheriff Shipp, no objection was made to this testimony. Thus any error was waived. Thirdly, even if otherwise erroneous the defendant waived any error as to them as in his statement he voluntarily admitted driving the car and drinking beer prior to the collision. *Brown v. State,* 122 Ga. App. 570 (3d), supra.

3. The evidence authorized the conviction.

*Judgment affirmed. Pannell, Quillian and Stolz, JJ., concur. Hall, P. J., and Eberhardt, P. J., concur specially. Deen, Evans and Clark, JJ., dissent.*

SUBMITTED SEPTEMBER 6, 1972 — DECIDED JANUARY 18, 1973 — REHEARING DENIED FEBRUARY 9, 1973 —

*Howe & Howe, Richard C. Sutton,* for appellant.

*John T. Perren, District Attorney,* for appellee.

EBERHARDT, Presiding Judge, concurring specially. I concur in the judgment of affirmance for the following reasons.

1. The circumstantial evidence was sufficient under our ruling in *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870) to authorize the jury to convict.

2. There was sufficient direct evidence, together with the defendant's unsworn statement, to authorize the conviction. See *Hargroves v. State,* 179 Ga. 722 (4) (177 SE 561).

3. For the reasons stated in my dissent to *Johnson v. State,* 125 Ga. App. 607 (188 SE2d 416) there was no error in allowing proof of the defendant's refusal to take blood,

breath or urine tests to determine the alcohol content of his blood. Further, since the defendant affirmed his refusal to take the test when he made his unsworn statement he can show no harm resulting from admission of the evidence.

4. The error, if error there was, in admitting evidence of incriminating statements made by the defendant, was harmless.

We are aware of the Act of 1971 (Ga. L. 1971, p. 460; Code Ann. § 38-1713) so that neither cross examination of a witness on matter which has been admitted over objection, nor the introduction of evidence on the same subject matter shall constitute a *waiver* of the objection. That statute was intended to abolish the rule of long standing that an objection to evidence is waived if the witness is cross examined on the objectionable matter, if another witness is permitted to testify concerning it without objection, or if the objecting party introduces evidence touching on the matter. The rule placed the lawyer trying a case in an untenable dilemma. When evidence was introduced which he deemed to be objectionable and he made the objection, only to have it overruled, he must then elect whether he would try to discredit the admitted evidence by cross examination, or by introducing other evidence tending to show that it was untrue or was unreliable. If he did either, his objection was waived. If he did neither he ran the risk that the jury might conclude that since he had not attacked the evidence he had conceded it to be true.

It was intolerable, too, to hold that one had waived his objection if thereafter he should introduce evidence touching on the same point, albeit, the evidence was introduced for discrediting the objectionable evidence, or to contradict it.

Under the old waiver rule one was completely disarmed if he wished to preserve his right to appeal and get the erroneous ruling reversed.

But if the defendant should introduce evidence which is *consistent with, or which affirms* the evidence objected to, he is in no position to show harm, for in that event he and the state are in agreement as to the facts shown. Both have so declared to the court and jury. In effect, he has adopted the evidence by introducing that which affirms it to be correct (*Carlton Co. v. Poss,* 124 Ga. App. 154 (3) (133 SE2d 231), affirmed, 228 Ga. 402 (185 SE2d 803)), and it is elementary that one cannot himself introduce error and then take advantage of it to get a new trial. *Irvin v. Oliver,* 223 Ga. 193 (2) (154 SE2d 217); *Dance v. Smith,* 223 Ga. 328 (1) (155 SE2d 10). The harmless error rule applies where evidence may have been improperly admitted, but no harm is shown. *Morgan v. Reeves,* 226 Ga. 697, 699 (177 SE2d 68).

In his unsworn statement the defendant admitted the very evidence objected to to be true by saying that he had driven one of the cars involved in the collision, that he had been drinking beer two hours prior to the collision, and that the officers had tried to give him a test for alcohol in his blood and that he had refused to take it.

If there was error in admitting testimony from the state's witnesses to the same effect, the defendant utterly fails to demonstrate any harm when he tells the court and jury that what they said was true. While his objection to the evidence was not waived and he is still in position to urge it *if he can show harm,* even if we should find error to have been made no harm is shown or can be shown. Thus, there is no basis for reversing.

I am authorized to state that Presiding Judge Hall joins this concurrence.

EVANS, Judge, dissenting. Defendant was tried and convicted for causing the homicide of another person while defendant was driving an automobile under the influence of alcohol. The district attorney in his opening statement told the jury that appellant had been requested to take an alcohol test which he had refused

to do. Motion for mistrial was promptly made, and overruled. Thereafter, several witnesses for the state testified that defendant had refused to take such alcohol test, to which testimony defendant objected, and his objections were overruled.

The introduction of such evidence, as well as the statement to the jury by state's counsel, were prejudicial to defendant, and were erroneous as a matter of law. This whole court considered this matter very carefully, and in a divided opinion (6 to 3) held that injecting into the case the defendant's failure to take the alcohol test, over his objection, is error requiring a reversal and a new trial. See *Johnson v. State,* 125 Ga. App. 607 (2) (188 SE2d 416), with three judges dissenting, to wit, Judges Hall, Eberhardt and Pannell. Also see Judge Deen's comprehensive concurring opinion in the above case.

But the majority opinion, while seeming to recognize the error, citing the *Johnson* case, supra, seeks to avoid the force of that case by stating that defendant in the case sub judice waived its benefits. The waiver, it is contended, came about when defendant's counsel asked him, while on the witness stand: "Now, when the officers wanted to give you a test and you wouldn't take a test, did they have a hearing before the public service . . . before the patrol, state patrol? A. Yes, sir."

The position taken by the majority would have been correct prior to enactment by the General Assembly of Bill No. 445 (House Bill No. 591), which was approved on April 5, 1971 (see Ga. L. 1971, p. 460). This Act provides for a new Code § 38-1713, to read as follows: "If, on direct examination of a witness, objection is made to the admissibility of evidence, neither cross examination of the witness on the same subject matter, *nor the introduction of evidence on the same subject matter shall constitute a waiver of the objection* made on direct examination." (Emphasis supplied.)

Confronted with this new statute, and in view of our

decision in *Johnson v. State,* 125 Ga. App. 607, supra, I feel that a reversal of the lower court and the grant of a new trial is absolutely demanded. I, therefore, vote to reverse the trial court for the above reasons.

I am authorized to state that Judges Deen and Clark join in this dissent.