48304. MORRISON v. THE STATE.

Evans, Judge. The defendant was indicted and tried for murder. He was convicted of manslaughter and sentenced to serve 10 years. Defendant appeals. *Held:*

1. Defendant contends a shotgun, bush-axe and shovel were illegally admitted in evidence because same were "tainted fruit from the poisoned tree," obtained illegally as a result of an illegal confession, which confession was excluded. He contends these items should also have been excluded, citing Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441). But the above doctrine is limited to evidence which the police cannot trace to an independent and lawful source. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 392 (40 SC 182, 64 LE 319, 24 ALR 1426); Wong Sun v. United States, 371 U. S. 471, 487, supra. Here the officers had other sources and leads which could have enabled them to discover this evidence and its connection with the crime, independently of the confession. The shotgun was voluntarily turned over to the officers by the defendant's father. The bush-axe and shovel were found on the father's farm, after the father invited the officers to search the farm, and upon which farm a shallow grave was discovered. The grave contained a button and thread similar to that of the victim's shirt, and pieces of human bone. The grave was within a very short distance of a tool shed where the shovel and bush-axe were found.

While these exhibits were not conclusively proven to have been the actual instruments involved in the crime, defendant admitted in his unsworn statement that he was forced to shoot the victim, dig a grave, and he stated that other persons chopped off the victim's legs. Defendant did not object upon the ground that no proper basis, or connection with the crime, had been laid by the state as to these tools, but only as "tainted fruit." See *Crider v. State,* 114 Ga. App. 522 (2) (151 SE2d 791). He also made a partly inculpatory and partly exculpatory statement to the effect that he did not kill the deceased but was forced to shoot him with a

shotgun after two men had first shot the deceased in the face. There was other physical evidence that revealed the victim was shot with a 20-gauge shotgun, that two graves were dug, and the victim's legs were chopped off. It was not error to admit into evidence this physical evidence over the objections made to same. Code § 38-201; *Wilson v. State,* 215 Ga. 782 (2) (113 SE2d 447) and cits.

2. The search of the Morrison farm was not illegal, because the owner (defendant's father) invited and requested the search. The defendant did not own the farm, hence the immunity from unreasonable search and seizure (which is a privilege personal to those whose rights are about to be violated) does not, in this case, extend to the alleged unreasonable search of the farm of defendant's father. *Marsh v. State,* 223 Ga. 590 (1) (157 SE2d 273) and cits. Also *Tolbert v. State,* 224 Ga. 291 (2) (161 SE2d 279). In view of the situation outlined above, it becomes unnecessary to consider the various questions raised as to the legality of the search warrant and the impartiality and independence of the magistrate issuing said warrant.

3. The defendant had been arrested earlier and his car impounded as a consequence of illegal drugs. Therefore, when his car was searched by the officers following discovery of the grave, the shotgun, the bush-axe and the shovel, etc., said search was not subject to the objection that same was an illegal search and seizure. It is not unreasonable to search a car which is being legally held for use as evidence in a forfeiture proceeding. Cooper v. California, 386 U. S. 58, 62 (87 SC 788, 17 LE2d 730).

Further, the car was an instrumentality used in the commission of the crime, and the articles were seized under Code Ann. § 27-301 (Ga. L. 1966, p. 567), and by the time of the search the defendant had been charged with murder. See *Abrams v. State,* 223 Ga. 216 (2) (154 SE2d 443).

4. When defendant was brought to the jail to be fingerprinted, photographed and personal data taken, he made a partially inculpatory and partially exculpatory statement to the jailer, claiming two other persons committed the crime. This was not the result of an interrogation by the police officers; it was not elicited or induced by the officers and was therefore admissible in evidence. See *Jenkins v. State,* 123 Ga. App. 822 (182 SE2d 542); *Woods v. State,* 222 Ga. 321 (14) (149 SE2d 674).

5. Defendant contends the court erred in denying his request for disclosure of the name of the informant whose information helped to secure a search warrant for discovery of marijuana on

the Morrison farm on July 11, 1972. He contended this discovery was essential to his defense. The public policy of this State supports the nondisclosure privilege. See Code § 38-1102; *Scull v. State,* 122 Ga. App. 696, 700 (178 SE2d 720). Thus the lower court did not abuse its discretion in refusing to disclose the identity of this informant. None of the Federal cases cited by defendant is controlling on this court, so as to require a disclosure. The case of Roviaro v. United States, 353 U. S. 53 (77 SC 623; 1 LE2d 639), being a decision of the U. S. Supreme Court, is binding. But it simply holds that the informer's privilege is not absolute, and does not require a different ruling here. The lower court did not err in holding a mere in camera investigation into the defendant's contention and then denying disclosure of the informer.

6. During an interview of a newly discovered witness, an assistant district attorney showed the proposed witness a photograph of the defendant to ascertain if he could make a photographic identification. Defendant objected to this identification at the time it was offered in evidence, contending it violated his Sixth Amendment rights to counsel at a photographic line-up which is a critical stage of a criminal prosecution. In United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), the United States Supreme Court has held that a formal line-up is a critical stage of a criminal prosecution and the Sixth Amendment requires the presence of an attorney for the defendant. But this ruling has not been extended further so as to cover a photographic line-up where a photo of the defendant is used. United States v. Ash, 412 U. S. (93 SC, 36, 37 LE2d 619), 41 Law Week 4981. There is no merit in this complaint.

7. Whether or not there was evidence present to support the charge on manslaughter, the court did not err in giving the defendant's requested charge on manslaughter. *Panter v. State,* 127 Ga. App. 191 (1) (192 SE2d 913), and cits. For even if there is nothing in the evidence, nor in the defendant's statement, to warrant a charge on manslaughter, if a charge thereon is invited by the defendant, it is not reversible error to give same. *Brown v. State,* 119 Ga. App. 530 (1) (167 SE2d 759), and cases cited. This complaint is not meritorious.

8. The court did not err in refusing to quash the indictment because citizens who are Negro, female, and age 18-21 were allegedly underrepresented and systematically excluded from the grand

jury. The evidence showed both Negroes and females served on the grand jury. There was opinion testimony, expert and otherwise, that Negro and female citizens did not serve on the grand jury in the same proportion as to the whole population of Fulton County, including a female jury commissioner who held the opinion that the other jury commissioners were reluctant to put women on the grand jury. This fails to prove a systematic exclusion of these three classes of citizens so as to demand a reversal here.

9. The admission of defendant that the body of the deceased had been placed in the trunk of his car; the evidence that the deceased's legs were chopped off, and evidence as to the presence of (Type A) blood in the trunk of the car, renders harmless the admission of the deceased's military medical records showing Type A blood, even if erroneously admitted. *Shelly v. State,* 108 Ga. App. 6 (2) (132 SE2d 228); *Brown v. State,* 122 Ga. App. 570 (3d) (177 SE2d 801); *Rowell v. State,* 128 Ga. App. 138 (1) (195 SE2d 790).

10. There was evidence, both direct and circumstantial, connecting the defendant with the killing of the deceased. The evidence was sufficient to support the verdict of guilty, and the court did not err in refusing to direct a verdict of not guilty.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 5, 1973.

*Garland & Garland, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, William M. Weller, Joseph J. Drolet, Morris H. Rosenberg,* for appellee.