### 13294. VELLIS v. THE STATE.

A plea of guilty and the imposition of a sentence, under an indictment for having alcoholic liquors in possession, is no bar to a trial on a separate indictment charging the same person with selling such liquors.

                     DECIDED APRIL 11, 1922.

Indictment for sale of liquor; from Fulton superior court — Judge Humphries. January 7, 1922.

Application for certiorari was denied by the Supreme Court.

*J. S. & Ralph McClelland, Tillou Von Nunes,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. 1. In the city court of Atlanta the plaintiff in error pleaded guilty to and was sentenced under an accusation dated November 1, 1921, which charged that on October 31, 1921, he "did have, control and possess spirituous and intoxicating liquors." In the superior court of Fulton county he was subsequently placed on trial under an indictment which was returned on the 7th day of November, 1921, and which charged a sale of liquor to a named person on October 29, 1921. He filed a plea of former jeopardy, which is in part as follows: " This defendant having been placed in jeopardy upon the same offense as charged in this indictment in the criminal court of Atlanta, which said court, at said time, had jurisdiction of said offense, this defendant pleads said former jeopardy in bar and [ ?] further prosecution on said indict-

ment, and prays this court that this his plea be sustained, and he be discharged from any other or further prosecution or liability in said case; that the charge in said accusation upon which he was tried in the criminal court of Atlanta on November 1st, 1921, is general in its allegations, and he cannot be placed in jeopardy on a charge of the same character and for the same offense where the commission was prior to November 1st, 1921, the date of said accusation." Under the laws of Georgia, selling intoxicating liquor is a different and distinct offense from having, controlling, and possessing intoxicating liquors. This case is controlled in principle by the ruling in the case of *Phillips* v. *State, 27 Ga. App.* 1 (1) (107 S. E. 343 (1) ). The court did not err in striking the plea of former jeopardy.

2. The motion for a new trial contains the general grounds only, and the evidence amply supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*