### 25833. Richards v. The State.

MacIntyre, J. 1. The testimony relative to the illegitimacy of the child showed that the husband and wife were married about five months before the birth of the child, lived together about six months, and then the husband left the wife, refused to support the minor child, and told two witnesses that the child was not his, and he "wasn't going to keep up some child that wasn't his."

2. The defendant excepted to a charge to the jury, that if the husband "lived with the mother after the birth of the child, he thereby acknowledged that it was his child, and is estopped from denying it." We do not think this charge was accurate. The husband, by his plea of not guilty in a criminal case of abandonment of his minor child, or of bastardy, may put in issue the legitimacy of the child, and the method of proving illegitimacy must accord with the rules of law. And even though "In question of illegitimacy, in cases of ante-nuptial conception, slighter proof is required to rebut the presumption of legitimacy, arising from subsequent marriage, than in cases of post-nuptial conception" (*Wright* v. *Hicks*, 15 *Ga.* 160 (10), 60 Am. D. 687), yet testimony, brought out by the solicitor-general on cross-examination, that the husband, in life at the time of the delivery of the testimony, said to witnesses that the child born during marriage was not his child, was not sufficient to overcome the presumption that all children born in wedlock, whether begotten before or after marriage, or within the usual period of gestation thereafter, are legitimate and presumptively the children of the husband. Code, § 74-101; *Mims* v. *State*, 43 *Ga. App.* 100 (157 S. E. 901). Such declarations of the husband, in life at the time the witness was testifying, were not admissible evidence to show the child illegitimate or to bastardize the issue. *Wright* v. *Hicks*, supra; *Wright* v. *Hicks*, 12 *Ga.* 155 (56 Am. D. 451).

3. The mere testimony that the husband, then in life, said to a witness that the child was not his would not support a finding that the child was illegitimate. In fact these declarations, being heresay and having no

probative value, and being the only testimony that attacked the legitimacy of the child, a finding that the child was legitimate was demanded; and the charge excepted to, even if error, was not cause for reversal.

4. "The remarks of the trial judge complained of afford no ground for a motion for new trial, as no objection was made and no ruling of the court was invoked relative to them. The propriety of such remarks can not be raised for the first time in the motion for new trial. *Thomas* v. *State*, 129 *Ga.* 419 (3), (59 S. E. 246); *Herndon* v. *State*, 178 *Ga.* 832 (6), (174 S. E. 597)." *DeKrasner* v. *State*, 54 *Ga. App.* 41 (12) (187 S. E. 402).

5. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 2, 1937.

*E. S. & J. Loy Griffith,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.