20010.   ELLIS *et al. v.* WOODS *et al.*

ARGUED MARCH 10, 1958—DECIDED APRIL 11, 1958.

*J. Walter Cowart, Thomas Delano Maurice,* for plaintiffs in error.

*James E. Lucas,* contra.

MOBLEY, Justice. ■ The defendants in error contend that the judgment excepted to is not a final judgment from which a direct appeal can be taken. The plaintiffs in error objected to the adoption proceeding and prayed that the petition for adoption be dismissed, and that they be given custody of the child. Code (Ann.) § 74-413 provides that, at an interlocutory hearing on a petition for adoption, "If the court is satisfied that the natural parents have just cause to be relieved of the care, support and guardianship of said child, or have abandoned the said child, or are morally unfit to retain the custody of said child, and that the petitioner or petitioners is or are financially able and morally fit to have the care, supervision, training and education of the

child, and that the child is suitable for adoption in a private family home, and that the adoption requested is for the best interest of the child, it shall enter an interlocutory order granting the temporary custody of the child to. the petitioner or petitioners; or if it is not so satisfied, to refuse such an order and to dismiss the petition." Since, under this Code section, the petition may be dismissed and the adoption denied when the necessary legal requirements therein set out are not complied with, and since the objectors herein prayed that the adoption petition be dismissed, the judgment sought by them would have been a final disposition of the case if rendered as they claimed it should have been. Under Code (Ann.) § 6-701, such a judgment is a final order from which an appeal will lie, and the contention of the defendants in error is without merit.

■ The record in this case discloses the following facts: Juanita Ellis was divorced from Nicholas Huzjak on September 11, 1956. On October 24, 1956, she gave birth to the child involved here, and the child was and is known by the name Donald Harold Huzjak. On December 17, 1956, Juanita married Donald Ellis. On June 29, 1957, Juanita Ellis signed a consent to the adoption of the child by the petitioners, stating therein that the child was named Donald Harold Huzjak, and that he was an illegitimate. The petition for adoption was allowed and ordered filed on July 11, 1957, in the Superior Court of Chatham County. The objections to the petition were filed on October 15, 1957.

The plaintiffs in error contend that the adoption should be denied because Donald Ellis, whom they allege to be the father of the child, has not consented to the child's adoption. The defendants in error contend that the child is illegitimate, that under Code (Ann.) § 74-405, the consent of the mother of an illegitimate child to its adoption is sufficient, and they rely upon Ga. L. 1957, p. 367, in contending that Juanita Ellis can not withdraw or revoke her consent of June 29, 1957. Under our view of the case, the answer to the question whether the child is legitimate or not will dispose of the case, for, if the child is legitimate, the failure to obtain the father's consent to its adoption will bar the present action for adoption. Code (Ann.) § 74-403.

Code § 74-101 provides as follows: "All children born in wedlock, or within the usual period of gestation thereafter, are legitimate. The legitimacy of a child thus born may be disputed. Where possibility of access exists, except in cases of divorce from bed and board, the strong presumption is in favor of legitimacy, and the proof should be clear to establish the contrary. . . The marriage of the mother and reputed father of an illegitimate child, and the recognition of such child as his, shall render the child legitimate; and in such case the child shall immediately take the surname of his father." In *Stephens* v. *State*, 80 *Ga. App.* 823, 825 (57 S. E. 2d 493), it was stated that "This presumption of legitimacy is one of the strongest and most persuasive known to our law. Lockwood *v.* Lockwood, 62 N. Y. Supp. 2d 910; and to overcome such presumption our Code itself declares that the proof 'should be clear to establish the contrary' where the possibility of access between the husband and wife exists." A child born in wedlock is presumed to be legitimate and is presumed to be the child of the husband. *Wright* v. *Hicks*, 12 *Ga.* 155 (4) (56 Am. D. 451). The child in this case was born to Juanita Ellis within the usual period of gestation after her divorce from Nicholas Huzjak, and, therefore, is presumed to be legitimate and presumed to be the child of Huzjak. While Donald and Juanita Ellis testified that Donald was the child's father, the record shows that Juanita had previously stated that Huzjak was the father. There is no evidence in the record touching upon the question of access as between Huzjak and his wife, and no other evidence whatever in rebuttal of the presumption of legitimacy except the testimony of the Ellises. The conflicting statements of Donald and Juanita Ellis are wholly insufficient to overcome the legal presumption of legitimacy. See *Richards* v. *State*, 55 *Ga. App.* 184 (2) (189 S. E. 682); *Jones* v. *State*, 11 *Ga. App.* 760 (76 S. E. 72); *Sullivan* v. *Hugly*, 32 *Ga.* 316, 321 (2); *Wright* v. *Hicks*, supra. Under the evidence in the record, the legal presumption in favor of the child's legitimacy was not overcome, and the child is presumed to be the child of Huzjak.

Even if there had been sufficient evidence to overcome the presumption in favor of the child being the legitimate child of

Huzjak, the evidence shows without dispute that, at the time Juanita Ellis consented to the adoption of her child, she was married to Donald Ellis, and he was acknowledging the child as his own. The marriage of Donald and Juanita Ellis and his recognition of the child as his own would render the child legitimate (Code § 74-101), and under such circumstances his consent to the adoption of the child would be necessary, as well as the mother's, before a valid adoption could be decreed.

■ Since it is not necessary to a determination of this case, no decision is made as to the constitutionality of Ga. L. 1957, p. 367, providing that the consent of parents to the adoption of their child, when freely and voluntarily made, can not be revoked as a matter of right.

■ Since the evidence in this case showed that the child sought to be adopted is legitimate, and that the consent of both parents to its adoption was not given, it was error for the trial court to overrule the objections to the adoption proceedings.

*Judgment reversed. All the Justices concur.*