22928.   QUEEN v. BALLEW et al.

SUBMITTED APRIL 12, 1965—DECIDED MAY 6, 1965.

*Hudson & Stula, Jim Hudson,* for plaintiff in error.
*Grant & Matthews, Carlton S. Matthews, Jr.,* contra.

HEAD, Presiding Justice.   In the habeas corpus proceeding under review the record shows that by written contract (which stated that the father was unknown) the mother of an illegitimate child gave her child to the respondents, husband and wife, for adoption.   The evidence was uncontradicted that the respondents are persons of good character, that they own a nice home, and are financially able to care for the child.   Proceedings for adoption of the child were filed the day before the habeas corpus petition was filed.

The mother testified that: She married a man who was not the child's father, in October, 1961.   Her husband sometimes drinks excessively, and has been put in the hospital for drinking.   She left him and has no intention of returning to him.   She is unemployed.   Prior to June, 1964, the child lived with her grandmother.   From June until December, 1964, the child lived with her father and stepmother.   She has been staying with her grand-

mother, and her grandmother and her aunt and uncle will help her. She signed the agreement for the adoption of her child freely and voluntarily.

The mother of the child, being the only recognized parent, was entitled to exercise all the parental power. *Code* § 74-203. "[P]arental power shall be lost by: . . . voluntary contract, releasing the right to a third person." *Code* § 74-108. "Where a father relinquishes the custody and control of his minor child to another, the latter, if a suitable and proper person to have such custody and control, is legally entitled thereto." *Carter v. Brett,* 116 Ga. 114 (42 SE 348); *Eaves v. Fears,* 131 Ga. 820 (64 SE 269); *Saxon v. Brantley,* 174 Ga. 641 (163 SE 504); *Shope v. Singleton,* 196 Ga. 506 (27 SE2d 26); *Bougus v. Smith,* 219 Ga. 493 (133 SE2d 13). The law applicable to the adoption of children was amended by the Act of 1957 (Ga. L. 1957, pp. 367-368; *Code Ann.* § 74-403) by providing that parental consent to adoption, "when given freely, voluntarily, may not be revoked by the parents as a matter of right."

There are no circumstances shown by the evidence in this case to support the contention that the trial judge erred in not awarding custody of the child to the petitioner.

*Judgment affirmed. All the Justices concur.*