### 23122. DRAKE v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried and convicted of murder with a recommendation of mercy. A motion for new trial was duly filed and amended to add several special grounds, and after a hearing the same was overruled, and the exception is to that judgment. The State offered evidence that the accused shot the deceased while the deceased and the defendant were hunting separately in the mountains of North Georgia, the defendant admitting to the officers that he was out deer hunting with a 16-guage shotgun with No. 1 buckshot, saw something move in the mist or fog which he thought was a fox, there being fox hunters and hounds nearby; that he shot, and heard someone "hollar"; that he found he had shot the deceased; that he first thought to get help, but saw all the blood, got scared, and carried the deceased to a cabin nearby, covered him up with his coat, some leavés, and left. The officers later found the .22 cal. rifle of the deceased where the defendant told them it was. Other evidence offered by the State was that the accused had recently purchased the buckshot, had gone hunting, the day being foggy and misty, and was seen later that day in a country store, laughing and talking; that it was out of season for deer; that the deceased died of gunshot wounds from buckshot and was found in the deserted cabin covered

with leaves and some old bedsprings; that his cap and pocket-book were missing; that the defendant admitted to the father of the deceased that he did not know what he did with the cap or pocketbook but if allowed to search the mountains he might be able to find them. The defense offered no evidence and the defendant made no unsworn statement. *Held:*

1. The evidence was sufficient for the jury to find the existence of implied malice under *Code* § 26-1004, the deceased having been killed with a deadly weapon and his body hidden under suspicious circumstances. Thus the evidence was sufficient to support the verdict, and the general grounds are without merit. *Perry v. State,* 110 Ga. 234 (2) (36 SE 781).

2. The special grounds were not approved by the trial judge since he merely marked them "allowed," and any allegations of fact therein can not be considered. *Gamble v. State,* 113 Ga. 701 (39 SE 301); *Dunn v. State,* 116 Ga. 515 (42 SE 772); *Pollard v. State,* 125 Ga. 270 (54 SE 171). However, the first special ground complains of the failure to charge on *Code* §§ 26-1009 and 26-1010, involuntary manslaughter and punishment therefor, since the State had submitted in evidence the theory that the defendant was in the commission of an unlawful act, hunting deer out of season, when the killing occurred. The only evidence before the court was submitted by the State, and since the jury could have found from this evidence that the accused killed the deceased without any intention of doing so in the commission of an unlawful act; or while shooting at a fox, a lawful act, without due caution and circumspection, resulting in culpable negligence, the State's evidence thus placed the lesser crime of manslaughter in the case requiring a charge thereon without request. See *Andrews v. State,* 134 Ga. 71 (67 SE 422); *Gadsden v. State,* 134 Ga. 785 (68 SE 497); *Morris v. State,* 176 Ga. 243, 250 (167 SE 509). Thus the court erred in failing to charge on manslaughter, and this ground is meritorious, the entire charge being in the record and showing an absence of such a charge required by the evidence, and it will be considered since no allegation of fact therein requires the approval of the trial judge.

3. The other special grounds contain questions of fact as to whether or not certain objections to evidence were made, and requiring the approval of the trial judge, which is lacking, will not be considered.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965.

*John G. Davis, James V. Pleasants,* for plaintiff in error.

*Herbert B. Kimzey,* Solicitor General, *Arthur K. Bolton,* Attorney General, *Rubye G. Jackson,* Assistant Attorney General, contra.