24617, 24618. SMITH v. SMITH et al.; and vice versa.

■■■■■■■■■■■■■■■■■■■■■■■■

SUBMITTED MAY 13, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 2, 1968.

■■■■■■■■■■■■■■■■■■■■■■■■

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr.,* for appellant.
*Frank M. Gleason,* for appellees.

GRICE, Justice. Objection to the adoption of two children brought about this appeal and cross appeal. The petitioners, Earl L. Smith and his wife Mildred Sellers Smith, filed in the Superior Court of Walker County a petition to adopt two named children. The petition named the mother of the children and she was served by mail with a copy of it and the rule nisi order. She thereafter executed a document in which she attempted to repudiate her prior consent to the adoption. The trial court adjudged this to be a personal appearance by her. However, she did not actually appear and took no part in the proceeding. The petitioners' son, Earl L. Smith, Jr., who contended that he was the father of both the children, filed objections to the adoption. After a hearing the trial court entered an order granting the adoption of both children, and subsequently incorporated therein an injunction against the objector Smith's interfering with the children or petitioners in specified particulars.

In the appeal, Case No. 24617, the objector Smith, the appellant here, enumerates the following as error: (1) the admission in evidence of a photostatic copy of the alleged consent to adoption by the mother of the children; (2) the admission in

evidence of the purported English translation of such consent; (3) the decree of adoption of both children; and (4) the issuance of the injunction above referred to.

In the cross appeal, Case No. 24618, the petitioners enumerate as error the exclusion of certain documentary evidence which will be hereinafter referred to.

■ The photostatic copy of the mother's purported consent to the adoption was properly admitted in evidence. Our law does not require that the original consent document be produced, but only that "written consent" be shown. Ga. L. 1941, p. 300, as amended (*Code Ann.* § 74-403 (1)). Photostatic reproductions of any original writing or record made in the regular course of business for permanent preservation are admissible in any proceeding in any court of the state in lieu of the original. Ga. L. 1950, pp. 73, 74 (*Code Ann.* § 38-710). The document here involved is a duly authenticated copy of the original consent executed by the mother, on file as a public record of Germany, and therefore admissible under Title 28, Section 1741, United States Code. See also, Rule 44, Federal Rules of Civil Procedure.

■ The admission in evidence of a translation into English from German of such written consent was not error. The witness, a university professor of the German language, submitted the document, which he swore is a correct translation of the written consent. There was no showing to the contrary.

■ From a consideration of the facts involved, we have concluded that the decree of adoption of the older child was erroneous, but that grant of adoption of the younger child was correct. Since the decree of adoption was enumerated as error, we must rule on any defect that appears, whether or not it was raised by the parties.

(1) The older child must be presumed legitimate. When it was born on January 11, 1959, in California, the mother was married to one William Dement, and she was not divorced from him until June of 1959. The objector Smith testified that the mother's husband entered a mental hospital in Mississippi sometime in 1957. However, it was not shown for what period of time the husband was confined to the hospital, or whether there were furloughs or visits from the mother. Thus, non-access

by him was not shown. This husband's proceeding for divorce against the mother, in which he disclaimed paternity of this child and named the objector as correspondent in adultery, was excluded from evidence.

Although this child was born in California, and the objector Smith urges application of a California statute to legitimate it, no California law is shown as to when a child is born legitimate, and therefore Georgia law must be applied. Our *Code*, § 74-101, provides that "All children born in wedlock, or within the usual period of gestation thereafter, are legitimate. The legitimacy of a child thus born may be disputed. Where possibility of access exists . . . the strong presumption is in favor of legitimacy, and the proof should be clear to establish the contrary." The objector Smith's testimony that he and the mother left Mississippi together about June of 1958, that this child was born some seven months later, that it was his child and that his name was put on the birth certificate is not sufficient to rebut this presumption of legitimacy here, where the child was born in wedlock and possibility of access by the husband was not negatived. See *Wright v. Hicks*, 12 Ga. 155 (56 AD 451); *Ellis v. Woods*, 214 Ga. 105, 108 (103 SE2d 297).

(2) Consent, or excuse of consent, of the presumed father to adoption is not shown.

Our law (Ga. L. 1941, p. 300, as amended; *Code Ann.* § 74-403 (1)) provides that "except as otherwise specified in the following subsections, no adoption shall be permitted except with the written consent of the living parents. . ." In Subsection (2) exceptions, including abandonment, inability to locate a parent after diligent search, and insanity or other incapacity to consent, are specified. Subsection (3) provides that if the child is illegitimate, consent of the mother is sufficient.

Here, the consent of the presumed father for adoption of this child was not obtained, and there was no showing of any circumstance which would excuse the requirement of consent. The evidence is silent as to any failure, after diligent search, to locate him or as to his insanity or other incapacity to consent. Also, the evidence before the court was devoid of any showing as to whether the presumed father had abandoned this child.

No one testified that the petitioners had requested him to contribute to or care for their support, or that this was necessary. The petitioners did testify that they had supported and maintained the children since 1963. However, the facts here, under repeated rulings, do not constitute abandonment so as to dispense with consent by the father to adoption. See in this connection, *Glendinning v. McComas*, 188 Ga. 345 (3 SE2d 562); *Coleman v. Way*, 217 Ga. 366 (2) (122 SE2d 104), and citations.

(3) This presumption of the legitimacy of the older child refutes the objector Smith's contentions as to his legitimation of the child in California and in Georgia.

Therefore, under the evidence before the court, the decree of adoption is erroneous insofar as the older child is concerned.

(b) As to the younger child's status, the situation is altogether different.

(1) The younger child was born in Germany in August of 1960. Its mother was then unmarried and had been unmarried during the usual period of gestation and for several months theretofore. Although she and the objector Smith lived together several years before and after the birth of this child, the evidence is uncontradicted that they never married.

The objector Smith, however, contends that he adopted this child by complying with Section 230 of the Civil Code of California, which provides, in substance, that the father of an illegitimate child, by publicly acknowledging it as his own, receiving it into his family and treating it as a legitimate child, adopts it as such. This contention cannot be sustained. Insofar as California is concerned, all that appears is that when the mother, the objector Smith and the older child left that state en route to Germany, the mother may have been pregnant with this younger child. We do not find compliance, while in California, with the statute thus relied upon. Subsequent acts, specified in this statute, which occurred in Germany, are of no consequence. This younger child by its birth was a German national and not amenable to California law.

The objector Smith further contends that this child became legitimate by virtue of a legitimacy proceeding in the Superior Court of Clayton County, Georgia. He relies upon the judg-

ment of legitimation rendered there on August 18, 1967. However, at the time such legitimation order was entered, the mother of this child had already, on June 1, 1966, given written consent to its adoption by the petitioners. This consent, given at a time when she was the only recognized parent, could not be rendered nugatory by Smith's subsequent legitimation. See *Code* § 74-203.

(2) The mother's consent for adoption was not subject to the attacks made upon it by the objector Smith.

The trial court was authorized to find that the consent was voluntary from the recital in the consent document, as well as from the mother's many letters to one of the petitioners.

The trial court also properly concluded that the mother's attempted repudiation of this consent showed no valid ground. The change of mind of the mother was not legal cause for revocation. *Code Ann.* § 74-403, supra; *Queen v. Ballew*, 221 Ga. 1 (142 SE2d 841).

Nor was the mother's consent ineffective due to lapse of time. The consent document, dated June 1, 1966, was not acted upon until the filing of the adoption proceeding on August 18, 1967, fourteen and one-half months later. This was explained by petitioners as resulting from the necessity of an investigation by international welfare authorities prior to adoption since the younger child was a German national. Furthermore, the evidence shows that there had already been part performance of the adoption agreement between the mother and the petitioners, in that they had in 1963 provided funds for transportation of the children and an attendant from Germany and had then assumed the care and support of the children, all pursuant to such agreement.

Therefore, consent by the objector Smith for adoption of this child was not required, nor was service of the petition for adoption upon him necessary, and no valid objection to the adoption of this younger child appears.

■ We find merit in the objector Smith's final enumeration of error which complains of the grant of the injunction, supplemental to and a part of the decree of adoption, against his harrassing the petitioners in connection with their adoption of the children or interfering with the children and their custody by

the petitioners. It appears that the trial court considered this action, although not prayed for, as necessary for implementation of the decree of adoption. However, we regard the grant of this injunction as error. Equity will not enjoin an anticipated wrong. Also, there was no showing that the petitioners would not have an adequate remedy at law against any harrassment or interference by the objector Smith.

■ In the cross appeal errors are enumerated as to the exclusion of certified copies of the following: (1) the proceedings in the 1959 divorce case between the mother of these children and Dement, in which he charged her with adultery; (2) a warrant charging the objector Smith and the mother with contributing to the delinquency of the four minor children of the mother and Dement; (3) an indictment of the mother and the objector Smith, and the sentence of him, for transportation with fraudulent intent in interstate commerce of forged documents; (4) an indictment of the two of them for the same offense relating to other forged documents; (5) a certificate of marriage between the objector Smith and another party, dated 1950; and (6) the exclusion of a copy of a newspaper publication, showing picture of the objector Smith and entitled "Darmstadt Vice Raid Uncovers Strip Joint."

It is not necessary to determine whether these documents should have been admitted since their exclusion could not have harmed the petitioners. Notwithstanding the exclusion of these documents, the trial court found in favor of petitioners as to adoption of both children, and the reversal here as to the older child would not have been averted by the admission of any of these documents. Although Dement in his petition for divorce against the mother disclaimed paternity of the older child, such declarations are hearsay which could not have been considered upon that issue and therefore would not have rebutted the presumption of legitimacy of that child, as dealt with in Division 3 (a), supra.

The cross appeal shows no cause for reversal.

*On the main appeal the judgment decreeing adoption is affirmed in part, and reversed in part; the judgment granting an injunction is reversed. Judgments on cross appeal are affirmed. All the Justices concur.*