## 45670. DANIEL CONTRACTING COMPANY, INC. v. BOB JOHNSON HOMES, INC.

HALL, Presiding Judge. Plaintiff in an action on a contract appeals from the judgment and from the denial of its motion for a new trial.

The complaint alleged a breach of contract (nonpayment) by defendant and asked for damages in the sum of $5,000. Defendant counterclaimed for $118.75, also alleging breach (failure to complete work).

The court instructed the jury on the possible forms of their verdict: (1) for the plaintiff in the amount of $5,000; (2) for the defendant on its counterclaim from one dollar to $118.75; (3) for the defendant on plaintiff's claim. The first form was exactly that requested in writing by plaintiff, although the court, before charging, particularly queried whether plaintiff wanted only the full amount or from one to $5,000 dollars.

After several hours deliberation, the jury returned and asked the court whether there could be any deviation from the charge and asked it to restate the three verdicts. The court repeated the forms and told the jury there could be no deviation.

At this point, plaintiff's lawyer *orally* requested the court to recharge with a one to $5,000 dollar form. Plaintiff contends the court's refusal to give this new charge was error since it was clearly supported by the pleadings and evidence.

Although we have found no Georgia case with exactly these circumstances, we believe they would generally fall into the category of invited error. "A party cannot successfully assert error in a refusal of a request to charge which is opposed to a charge already given at his instance, or to the theory on which he tried the case, or where an instruction on the same subject, which was given at his request was subsequently withdrawn by him." 5 CJS 941, Appeal & Error, § 1507(9).

It was within the discretion of the trial court to refuse to allow this eleventh hour change of plaintiff's case. See *Carroll v. Hayes,* 98 Ga. App. 450 (105 SE2d 755); *McWilliams v. Gillespie,* 106 Ga. App. 11 (126 SE2d 274).

*Judgment affirmed. Deen and Evans, JJ., concur*
ARGUED OCTOBER 7, 1970—DECIDED OCTOBER 13, 1970.

*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellant.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch,* for appellee.