## 47313. THOMPKINS v. THE STATE.

DEEN, Judge. 1. It appears from the record that the defendant requested a charge on entrapment; that the court did charge on entrapment; that the charge given was a cor-

rect definition of the term, and that when specifically questioned by the court defendant's counsel stated that he had no objection to the charge as given. Although we recognize that there is no burden on defense counsel in a criminal case to object to an instruction as a condition precedent to enumerating it as error (Ga. L. 1968, pp. 1072, 1078), we think his affirmative action in stating that he had no objection to the charge points up the fact that the likelihood of a misunderstanding of its import by any of the jurors is indeed minimal. There was no substantial error in the charge on entrapment. If it was in the language requested, or if he prepared but subsequently withdrew a requested instruction, he cannot now complain. *Daniel Contr. Co. v. Bob Johnson Homes,* 122 Ga. App. 621 (178 SE2d 541). If the charge as given differed from his request but he acceded to it, the same result obtains. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919).

2. "The possession of drugs in violation of the Georgia Drug Abuse Control Act, and the selling of the same drugs, are in law separate and distinct crimes and each is punishable." *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291). The same is true of possessing and of selling drugs prohibited by the Uniform Narcotic Drug Act, and the crimes are subject to differing penalties. *Code Ann.* § 79A-9911. The situation is the same as obtains in the possession and the sale of nontax-paid liquor. *Vellis v. State,* 28 Ga. App. 468 (111 SE 683). The conviction on each count of a two-count indictment charging possession and sale respectively of heroin is not illegal, since each offense contains an element not essential to the other. As pointed out in *Vellis,* supra, one may possess a commodity without selling it, and may sell the commodity without having it in actual possession.

3. The evidence was sufficient to support a verdict of guilty as to each count of the indictment.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED JULY 7, 1972—DECIDED JULY 14, 1972.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg,* for appellee.