## 47411. PANTER v. THE STATE.

EVANS, Judge. The defendant was indicted and tried for the offense of murder; and also on two counts of misdemeanor, to wit: carrying a pistol without a license and carrying a concealed weapon. He was convicted of voluntary manslaughter and sentenced to serve 20 years in the penitentiary. He was likewise convicted of carrying a pistol without a license and sentenced to serve a period of 12 months, the sentence to run concurrently with the 20-year sentence. The appeal is from the judgment and sentence and also from the denial of his motion for new trial as amended. *Held:*

1. The defendant made an unsworn statement and stated that he was faced with a sudden emergency and one of urgent necessity for self-defense when an argument occurred between two groups of individuals upon a street of the City of Atlanta; that the deceased fired at defendant's group, and then defendant was handed a pistol by an individual who was riding in an automobile with defendant; that defendant fired into some bushes, trying to scare the other group. Counsel for defendant requested the judge to charge the law of involuntary manslaughter,

contending this crime could have occurred in the commission of an unlawful act (discharging a pistol in the city limits in violation of a city ordinance resulting in the death of the deceased without any intention of killing him). The judge charged the law of involuntary manslaughter in the language of the statute; but thereafter, when the jury requested an additional charge on voluntary and involuntary manslaughter, he limited the charge to one which would involve the firing of the weapon inside the city limits in violation of the city ordinance. Counsel now contends the judge erred in giving this charge because there was no evidence presented to show any violation of a city ordinance, and contends that the judge erred in limiting it to the alleged unlawful act of firing a weapon inside the city limits when the evidence showed defendant could have been guilty of pointing a pistol at another. These alleged grounds of error are not meritorious because the defendant invited the charge as given, and said charge would not have been given but for the request by defendant's counsel, based solely on the unsworn statement of defendant. There was no evidence that the defendant was pointing the pistol at the deceased and that it accidentally fired. Thus, the defendant cannot complain of the charge on involuntary manslaughter as was given. See in this connection *Daniel Contr. Co. v. Bob Johnson Homes,* 122 Ga. App. 621 (178 SE2d 541); *Thompkins v. State,* 126 Ga. App. 683 (191 SE2d 555). Also see *Western & A. R. v. Fowler,* 77 Ga. App. 206 (4) (47 SE2d 874); *Irvin v. Oliver,* 223 Ga. 193 (2) (154 SE2d 217).

2. Counsel contends that the judge should have charged on involuntary manslaughter in the commission of a lawful act in an unlawful manner in causing the death of another human being. There was no evidence here whatsoever that the discharge of the gun was unintentional. See *Austin v. State,* 110 Ga. 748 (2) (36 SE 52, 78 ASR 134); *Smith v. State,* 218 Ga. 216 (4) (126 SE2d 789). This case differs on its facts from *Drake v. State,* 221 Ga.

347 (2) (144 SE2d 519), where the defendant allegedly was in the performance of a lawful act but without due caution and circumspection shot the deceased, resulting in culpable negligence. See also *Gadsden v. State,* 134 Ga. 785 (1) (68 SE 497); *Morris v. State,* 176 Ga. 243 (4) (167 SE 509).

3. Having considered each complaint argued by the defendant in his brief and finding no error the judgment is

*Affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 5, 1972—DECIDED SEPTEMBER 27, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman,* for appellee.