## 48991. JOHNSON v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was indicted for the offense of involuntary manslaughter while in the commission of an unlawful act, and was convicted of involuntary manslaughter while in the commission of a lawful act and sentenced to serve 12 months. He appeals, enumerating 13 claims of error.

The evidence reveals that defendant approached a street intersection at which a stop sign had been erected and, after entering the intersection struck a pickup truck operated by Mrs. Opal Johnson, who was fatally injured. The evidence is in conflict as to whether appellant stopped in obedience to the stop sign. He testified that he did so, and two witnesses corroborated him, while another witness testified that he did not stop. *Held:*

1. The first three enumerations of error relate to the general grounds only. The evidence was sufficient to authorize the verdict and these are without merit. The credibility of the witnesses was for the jury.

2. The claim that a sentence of one year imposed by the court was excessive is without merit. It was within the limit prescribed by law for the offense involved. *Bowman v. State,* 231 Ga. 220 (4) (200 SE2d 880); *Anderson v. State,* 129 Ga. App. 1 (1) (198 SE2d 329).

3. A police officer who had been employed by the City of Carrollton approximately a month when the incident occurred was called as a witness for the state and testified that he was called to the scene, saw the defendant there and that after the ambulance came and carried Mrs. Johnson away the defendant told him that he had driven the car and gave the witness his driver's license. On cross examination he testified that he had made an investigation of the incident and had prepared a report of it. He was asked "What did you indicate happened out there," and an objection that the question was too general and called for conclusions and hearsay was sustained. He was then asked whether he "formed an opinion as to what happened out there," and objection was lodged, and sustained.

It is contended on appeal that it was error to sustain the objection because (a) the witness was an expert, and (b) the evidence solicited was a part of the res gestae of the incident.

While the police officer asserted that he had been on the police force about a month and had worked on several automobile

accidents prior to the incident in question, he did not give any other or further information as to his past experience. It was within the authority of the trial court to determine from the facts before him whether the witness qualified as an expert and thus whether he might, without giving the facts on which it was based, state an opinion as to "what happened out there." Code § 38-1710. His qualifications must first be shown, and "[t]he question whether a witness offered as an expert is qualified to give his opinion upon a given subject under investigation is one for the court." *Glover v. State,* 129 Ga. 717 (9) (59 SE 816). It is implicit in the sustaining of the objection that the court concluded and ruled that the witness was not an expert on the subject matter.

Further, the witness testified that he had no personal knowledge as to whether defendant ran the stop sign, that he had not seen the incident occur, and that he had made no cases against the defendant for running the stop sign or for manslaughter.

Appellant's counsel made no showing as to what he expected the witness to testify, and thus no error can be shown. *Riggins v. State,* 226 Ga. 381, 385 (4) (174 SE2d 908).

4. Policeman Steven Eugene Smith was called as a witness for the defendant and while on direct examination was asked what Officer Payne had told him that Mrs. Johnson had said to him at the scene of the accident. Objection on the ground of hearsay was sustained, and we conclude properly so. Officer Payne, who allegedly made the statement to Officer Smith, the testifying witness, was in court and had already testified, though he had not testified as to any statement claimed to have been made to him at the scene by Mrs. Johnson, either on direct or cross examination. Consequently the evidence sought by the question could not have been in impeachment of any testimony of Officer Payne. If Mrs. Johnson had made any statement to him which could have been a part of the res gestae, appellant's counsel had been free to interrogate Payne while he was on the stand relative to it, but did not do so. He might even have recalled Officer Payne for that purpose, *Everhart v. State,* 121 Ga. App. 663 (3) (175 SE2d 73), but he made no effort to do so. Consequently, it was proper to disallow the effort to introduce this purely hearsay testimony from Officer Smith. *Carter v. State,* 56 Ga. 463, 467; *Mitchell v. State,* 71 Ga. 128 (3); *Woolfolk v. State,* 81 Ga. 551 (1) (8 SE 724); *Wynes v. State,* 182 Ga. 434 (2) (185 SE 711); *Todd v. State,* 200 Ga. 582, 587 (1) (37 SE2d 779). It was even hearsay in the second degree, or hearsay upon hearsay. *Estill v. Citizens & Southern*

*Nat. Bank,* 153 Ga. 618, 625 (113 SE 552); Code § 38-301.

The situation was not changed when appellant's counsel produced and read from the transcript of testimony at the committal hearing a statement by Officer Smith that Officer Payne had told him that Mrs. Johnson had stated at the scene that the defendant's car had stopped at the stop sign. Admission of hearsay at the committal hearing, apparently without objection, did not raise the status of the hearsay testimony to a category of admissibility at the trial, or afford it probative value. *Richards v. State,* 55 Ga. App. 184 (2) (189 SE 682); *Eastlick v. Southern R. Co.,* 116 Ga. 48 (42 SE 499). Moreover, it affirmatively appears that Officer Payne was neither since deceased, disqualified, nor inaccessible so as to render Officer Smith competent to testify as to what Payne may have testified at the committal hearing. Code § 38-314.

5. While the defendant was on cross examination the district attorney asked him whether it was true that, "from a complete stop [at the intersection] to half way across the street you had built up enough speed to hit somebody hard enough to kill him." Defendant's counsel objected on the ground that it had not been shown that speed had anything to do with Mrs. Johnson's death, and the objection was overruled. We find no error. It was well within the area of cross examination to seek from the defendant information as to the speed that he may have been traveling when the incident occurred. It was relevant for considering whether the defendant had committed the act with which he stood charged. "[A]ny fact is relevant which, when taken alone or in connection with another fact already in evidence, would warrant the jury in drawing a logical inference with reference to the issue on trial." *Stone v. State,* 118 Ga. 705 (7) (45 SE 630). Whether the evidence sought may have been objectionable on some other ground is not before us for determination.

6. In his argument to the jury the district attorney stated to the jury that "The issue now is innocence or guilt. Then if you find him guilty, evidence and argument will be submitted as to punishment. If you find him not guilty, then that's it."

Appellant excepts for the first time on this appeal to the "injection of the issue of punishment" prior to the sentencing phase of the trial. No objection was made and there was no motion for mistrial. No issue is raised for our consideration on appeal. *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443); *Taylor v. R. O. A. Motors, Inc.,* 114 Ga. App. 671 (3a) (152 SE2d 631); *Kitchens*

*v. State,* 228 Ga. 624 (1) (187 SE2d 268).

7. During the course of his argument the district attorney commented on argument made by appellant's counsel as to what Officer Payne may have believed, since he made no cases against the defendant, calling attention to the fact that the prosecutor in this case, as listed on the indictment, is Officer Payne. No exception to this argument was made in the trial court and none can now be urged before this court. See citations in Division 6 above.

8. Error is enumerated upon the refusal of the court to give in the charge defendant's requests numbered 1, 3, 6, 7, 8, 9, 10, 11, 12, 14 and 15. We have examined these requests and a careful reading of the charge as given reveals that all of them, insofar as applicable to the issue on trial, were amply covered in the general charge, and no error appears. *Arnall v. State,* 120 Ga. App. 309 (6a) (170 SE2d 337).

9. While the defendant was indicted for involuntary manslaughter while in the commission of an unlawful act under Code Ann. § 26-1103 (a), this included the lesser offense of involuntary manslaughter while in the commission of a lawful act in an unlawful manner, and there was no error in charging both portions of this Code Section. *Pitts v. State,* 128 Ga. App. 827 (3) (198 SE2d 377). This is particularly true since the evidence was such as to authorize the jury to convict on either offense, accordingly as they should determine from the conflicting evidence as to whether the defendant had stopped in obedience, to the stop sign at the intersection. In any event, the charge as given was more favorable to the accused than it would have been if § 26-1103(b) had been omitted, and since his conviction was for the lesser offense no reversible error appears. *Bridges v. State,* 106 Ga. App. 363 (1) (126 SE2d 903). Indeed, it has been held that it would have been error to fail to charge on the lesser offense under similar circumstances. *Teasley v. State,* 228 Ga. 107, 110 (4) (184 SE2d 179); *Drake v. State,* 221 Ga. 347 (2) (144 SE2d 519).

10. Whether the defendant had a criminal intent in the performance of the acts shown to have occurred is a jury question. *Coney v. State,* 125 Ga. App. 52, 54 (186 SE2d 478). It may appear from circumstantial evidence. *Thompson v. State,* 76 Ga. App. 239 (2) (45 SE2d 675); *Flewellen v. State,* 77 Ga. App. 804 (49 SE2d 921). The charge that there must have been a "joint operation of a criminal act and intention to do so," and that "circumstantial evidence relied on to prove the mental state of the defendant

essential to the crime must be suffficient to exclude every reasonable hypothesis except that the defendant's mental state was that essential to the crime," was ample on the question. *Hensley v. State*, 228 Ga. 501 (3) (186 SE2d 729).

*Judgment affirmed. Pannell and Evans, JJ., concur.*

SUBMITTED JANUARY 14, 1974 — DECIDED JANUARY 29, 1974.

*Aubrey W. Gilbert, James H. Bone,* for appellant.

*Eldridge W. Fleming, District Attorney, William F. Lee, Jr.,* for appellee.