## 52745. MALOOF v. THE STATE.

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 4, 1976.

*Wesley R. Asinof,* for appellant.
*John T. Perrin, District Attorney, Richard D. Allen, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

In his charge to the jury the trial judge instructed in the language of Code Ann. § 26-1103 (a) on involuntary manslaughter in the commission of an unlawful act other than a felony; he did not charge on subsection (b) of that statute dealing with involuntary manslaughter by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. When this omission was pointed out by defense counsel, the judge replied: ". . . I don't understand that part of the law and if I don't understand it I can't charge it to the jury. And that's pure and simply why I didn't. The people that wrote it never could explain it to me so I . . . as I told when we worked on the code that I tried to get them to delete it as being meaningless and they didn't. . ." As a result, the jury found the appellant guilty of "involuntary manslaughter" and a sentence of five years, the maximum under Code Ann. § 26-1103 (a), was imposed; had the jury been instructed under Code Ann. § 26-1103 (b), the appellant would have received punishment "as for a misdemeanor."

The appellant took the stand and testified in his own behalf. He related that on the morning of her death, his wife awoke him in a rage and that he attempted to calm her in order to determine the source of her anger. He retrieved a gun from under the mattress and handed it to her, asking, "You want to just blow me away and be through with it and you won't have to hassle with me anymore?" He then noticed that the hammer of the gun was back in a cocked position and decided to let it down. He then testified that he pointed the gun "towards the

crease in the wall and ceiling" and began to slowly let the hammer down. While the gun was pointed upwards, the appellant testified he was not looking at his wife, and she tried to get past him at which time the gun "exploded" and killed the victim immediately.

In *Johnson v. State,* 130 Ga. App. 704, 707 (204 SE2d 302), subsection (b) of Code Ann. § 26-1103 was held to be a lesser included offense of subsection (a) and that it would be error to fail to charge on the lesser offense *under similar circumstances.* "From the circumstances of the homicide as referred to above, the evidence was ample to raise an issue for the jury's consideration as to the defense of manslaughter. It was sufficient to authorize the jury to consider whether the victim's death was a result of the appellant's lawfully firing the pistol in an unlawful manner, in close proximity to the victim. . . The ruling has long been that where there is '. . . evidence from which the jury would have been authorized to find the accused guilty of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, it [is] error for the judge to omit to instruct the jury on the law relating to that grade of manslaughter.' " *Teasley v. State,* 228 Ga. 107, 111 (184 SE2d 179).

*Judgment reversed. Quillian and Webb, JJ., concur.*