32012, 32013. WOJCIECHOWSKI et al. v. ALLEN
et al. (two cases).

PER CURIAM.

The Allens petitioned to adopt the Wojciechowskis' natural child. The Wojciechowskis objected to the adoption and filed a habeas corpus action to regain the child's custody. The trial court granted the Allens' petition for adoption and denied habeas corpus relief. The Wojciechowskis appeal. We affirm.

On November 18, 1975, Sunny Lynn McEwing, now Wojciechowski, gave birth to the child of Ed Wojciechowski. They were not then married. She was asked by Mrs. Elizabeth Brown, a childbirth education instructor attending her, whether she would allow Mrs. Brown's brother and sister-in-law, the Allens, to adopt her baby girl. The next day, Sunny signed a release of the child and, on November 22, 1975, a consent to the adoption. Ed, though present at both times, did not sign a consent, nor was he asked to do so. About six weeks later Sunny executed and filed a retraction of consent and Ed filed a refusal to consent. They were married February 28, 1976.

1. The first enumeration of error raises the question of the constitutionality of Code Ann. § 74-403 (3) which requires only the mother's consent for the adoption of an

illegitimate child. We have recently upheld the constitutionality of this section in *Quilloin v. Walcott,* 238 Ga. 230 (232 SE2d 246) (1977), and reaffirm that decision here. The natural father of an illegitimate child has no rights in that child. Therefore, there was no requirement that Ed Wojciechowski consent to the adoption of the child by the Allens.

The Wojciechowskis argue, however, that since *Quilloin* the public policy of the state has changed with the enactment of Act No. 85 (Ga. L. 1977, pp. —), which was signed by the Governor on February 25, 1977. The new Act entirely repealed the present adoption law (Ga. L. 1941, p. 300, as amended) and now recognizes that natural fathers do have rights in their children and termination of those rights is required. Under *City of Valdosta v. Singleton,* 197 Ga. 194 (28 SE2d 759) (1944), they invite us to recognize a change in public policy and require Ed Wojciechowski's consent. We note that the effective date of the new Act is January 1, 1978. Thus, the present law is as articulated in *Quilloin,* and this court is without authority to alter it. The decision of the trial court on this issue must be affirmed.

2. The Wojciechowskis next urge that under California law, the child was not illegitimate. California law must be applied to this determination since the child was born in California and her natural parents resided there. *Smith v. Smith,* 224 Ga. 442 (162 SE2d 379) (1968); *King v. King,* 218 Ga. 534 (129 SE2d 147) (1962).

California Civil Code § 230[1] relied upon by the Wojciechowskis, provides: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such . . . into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth . . . " In Truschke v. LaRocca, 46 Cal. Rptr. 601 (1965), the California Supreme Court held

---

[1] The law cited above was repealed effective December 31, 1975. Under the current California law, the natural father's consent would be required. Cal. Civil Code § 7004.

that this section required a showing (1) that the father publicly acknowledged the child, (2) that he received it into his home, and (3) that he treated the child as his own legitimate child, and that the Code section should be strictly construed.

The natural parents here urge in support of their argument Lavell v. Adoption Institute, 8 Cal. Rptr. 367 (1960), where the father's right to the child was recognized, even though the mother left his home a few days prior to its birth, because the parents have lived in a de facto family status. The trial court in this case, however, found that even though the parents had lived together for over a year prior to the child's birth that the father had never intended to recognize it as a family member because the child's grandparents were not notified of its pending birth and because no preparations had been made at their apartment to receive the child. In the face of conflicting evidence, the trial court's finding of fact must be accepted by this court. *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964). We, therefore, hold that the child was not legitimated under Cal. Civil Code § 230. Enumeration of error 2 thus does not require a reversal of the judgment.

3. In enumerations of error 3 and 4, the Wojciechowskis challenge the validity of the consent to the adoption by Sunny, the child's mother. They claim the consent was invalid because it was obtained in violation of California law and because it was not freely and voluntarily given. We find that these enumerations also are dependent on fact determinations made adversely to the Wojciechowskis by the trial court, which, though based on conflicting evidence, do not amount to an abuse of discretion by that court and present no grounds for reversal. *Perkins v. Courson,* supra.

4. The fifth and final enumeration of error raises the question whether the trial court erred in holding that once the consent was executed, the comparative rights of both the natural and adoptive parents must be considered. Since we have already held that the consent of the mother was valid and the consent of the father was not required, the petition of the adoptive parents was properly granted. The natural parents thus suffered no further harm by this

comparison even if this enumeration raises a possible error by the trial court.

The trial court did not err in granting the Allens' petition for adoption and denying the Wojciechowskis' petition for habeas corpus.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Gunter and Ingram, JJ., who dissent.*

ARGUED FEBRUARY 17, 1977 — DECIDED MARCH 10, 1977.

*Sutherland, Asbill & Brennan, John A. Chandler,* for appellants.

*Nall, Miller & Cadenhead, A. Paul Cadenhead, James B. Outman, J. Wayne Pierce,* for appellees.

UNDERCOFLER, Presiding Justice, dissenting.

I would reverse under my dissent in *Quilloin v. Walcott,* 238 Ga. 230 (232 SE2d 246) (1977).

I am authorized to state that Justice Gunter and Justice Ingram join in this dissent.