## 54275. NATIONS v. THE STATE.

Smith, Judge.

Nations was charged with murder and convicted of voluntary manslaughter. She appeals, enumerating as error the denial of her motion for a directed verdict of acquittal, the charge to the jury, and the overruling of her objection to the district attorney's closing argument. We affirm.

The evidence was uncontroverted that appellant shot the deceased nine times with a .22 caliber rifle. Appellant introduced expert testimony to the effect that, at the time of the shooting, she was suffering from a form of epilepsy which rendered her mentally incapable of discerning right from wrong. A witness for the state testified that he had known appellant for several years and that when he saw her on the day of the killing, at a time before the incident, he noticed nothing unusual about her. That witness also testified that he had never known appellant to have had any sort of headache or fainting spell which

the expert said were symptoms of the form of epilepsy involved. Witnesses who talked with appellant almost immediately after the shooting testified that she seemed normal and calm.

1. After the close of the evidence appellant made a motion for a directed verdict of acquittal on the ground that the state had introduced no competent evidence of her sanity at the time of the offense. The court properly denied that motion. "Given the presumption of sanity and that the credibility of expert and lay witnesses is a fact question, the case was properly presented to the jury to decide." *Johnson v. State,* 235 Ga. 486, 491 (220 SE2d 448) (1975).

2. Appellant contends a portion of the charge was confusing in that it was inconsistent with another part of the charge. Appellant made no written requests for instructions and, in response to the court's query, answered that she had no objections to the charge as given. Under these circumstances, the likelihood that the jury was actually misled is minimal. *Thompkins v. State,* 126 Ga. App. 683 (1) (191 SE2d 555) (1972). Furthermore, we find no "substantial error in the charge which was harmful as a matter of law." Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207(c)); *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973).

3. The court correctly overruled appellant's objection to two portions of the district attorney's closing argument. The first portion of the argument was proper because it was a reasonable deduction from the evidence. *Abner v. State,* 139 Ga. App. 600 (229 SE2d 83) (1976). The Supreme Court has approved closing remarks similar to the second part of the D. A.'s argument; furthermore, the argument was not an incorrect statement of law. *Lingo v. State,* 224 Ga. 333 (4e) (162 SE2d 1) (1968); *Berryhill v. State,* 235 Ga. 549 (7) (221 SE2d 185) (1975).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED OCTOBER 18, 1977.

*Robert A. Del Bello,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford,* for appellee.