## 61511. NUTT v. THE STATE.

POPE, Judge.
Edward Michael Nutt was indicted and tried for the murder of Danny Edward Ammons. The jury, having been charged pursuant to Code Ann. § 26-1103 (a), returned a verdict of guilty of involuntary manslaughter. In addition to the general grounds, appellant enumerates as error the trial court's refusal to charge as to the lesser grade of involuntary manslaughter in the commission of a lawful act in an unlawful manner, a misdemeanor. Code Ann. § 26-1103 (b).

The evidence showed that the shooting occurred at a liquor store in East Point, Georgia. The victim died from a gunshot wound to his head. The associate medical examiner testified that the bullet entered the right eye, around which there was a powder tattoo that measured three inches by two inches. A witness from the State Crime Laboratory testified that the tattooing pattern found on the victim's face resulted from a muzzle distance of less than two inches. He stated that the weapon, a Smith and Wesson .38 caliber pistol, could be fired in two ways: the first by cocking the hammer back and pulling the trigger; the second by pulling the trigger with ten and three-quarters pounds of pressure. He also stated that once the hammer had been pulled back, a hammer block prevented misfiring

without pulling the trigger.

There was testimony to the effect that appellant had been drinking and that he was waving the pistol around looking at it and pointing it at different persons in the room. Appellant testified that Ammons had offered to sell him the pistol; that he picked up the pistol after Ammons had placed it on the counter; and that when he picked up the pistol, he cocked it. He stated that as he was putting the pistol down, he let the hammer back down and the pistol discharged. Appellant testified that he was just looking at the pistol, not pointing it or aiming it at anyone.

1. Appellant's defense was that the killing was purely accidental or that at most he was acting lawfully but handling the pistol in an unlawful manner. He contends that the trial court should have charged on misdemeanor involuntary manslaughter. We agree. Our view of the evidence is that the victim's death resulted from (1) accidental discharge of the pistol, if appellant's testimony were to be believed, or (2) in the commission of an unlawful act, either pointing the pistol at the victim (Code Ann. § 26-2908) or while consciously disregarding a substantial and unjustifiable risk (Code Ann. § 26-2910), or (3) handling the pistol, a lawful act, without due caution and circumspection resulting in culpable negligence.

"From the circumstances of the homicide as referred to above, the evidence was ample to raise an issue for the jury's consideration as to the defense of manslaughter. It was sufficient to authorize the jury to consider whether the victim's death was a result of the appellant's lawfully firing the pistol in an unlawful manner, in close proximity to the victim . . .

"The ruling has long been that where there is ' . . . evidence from which the jury would have been authorized to find the accused guilty of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, it (is) error for the judge to omit to instruct the jury on the law relating to that grade of manslaughter.' *Jackson v. State,* 181 Ga. 753 (2) (184 SE 279) [(1935)]. See also *Drake v. State,* 221 Ga. 347 (2) (144 SE2d 519) [(1965)]." *Teasley v. State,* 228 Ga. 107, 111 (184 SE2d 179) (1971); *Maloof v. State,* 139 Ga. App. 787 (229 SE2d 560) (1976).

2. In light of our holding in Division 1 of this opinion, we do not reach the merits of appellant's remaining enumeration of error.

*Judgment reversed. Quillian, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JUNE 24, 1981 —

48

*Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Charles Hadaway, Assistant District Attorneys,* for appellee.